UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------- x
                                     :
ANNETTE LANNING                      : Civil Action No. _____
on behalf of herself and            :
similarly situated employees,       :
                                     : INDIVIDUAL AND
            Plaintiff,               : COLLECTIVE/CLASS
                                     : ACTION COMPLAINT
            v.                       :
                                     :
PETCO ANIMAL SUPPLIES, INC.,         : Jury Trial Demanded
                                     :
            Defendant.               : Electronically Filed
                                     :
-------------------------------------------------- X
```

**INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT**
**Nature of the Action, Jurisdiction, and Venue**

1.      This is an individual and collective/class action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a) & 216(b), the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113, and the Pennsylvania Wage Payment and Collection Law (WPCL)(breach of contract), 43 P.S. § 260.3; and, an individual action under the FLSA (retaliation) to recover damages for non-payment of wages.

2.      Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claims, 28 U.S.C. § 1367(a).

3.      The actions and policies alleged to be unlawful were committed in whole or in part around Pittsburgh, PA, where Plaintiff worked for Defendant. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

## Parties

4.  **Plaintiff Annette Lanning** resides at 1816 Hickory Nut Road, Apollo, PA 15613. Plaintiff Lanning worked for Defendant Petco Animal Supplies, Inc., as a groomer from on or about June 26, 2016, until on or about October 19, 2017, at Defendant's Gibsonia, PA, store.

5.  Plaintiff regularly performed work within the state of Pennsylvania.

6.  **Defendant Petco Animal Supplies, Inc.,** an American privately held pet retailer with stores throughout the United States, maintains its corporate headquarters in San Diego, CA, and operates stores in the Commonwealth of Pennsylvania. Petco sells pet products and services (grooming, adoption, training), as well as certain types of live animals. Plaintiff worked in Defendant's Gibsonia, PA, store.

7.  At all relevant times Defendant has been an enterprise engaged in interstate commerce with annual revenues in excess of $500,000 and has employees engaged in interstate commerce and the production of goods in interstate commerce and has been subject to the provisions of Section 203(s)(1) of the FLSA.

8.  Defendant employs in excess of 500 full time employees.

9.  Defendant has annual revenues in excess of $75MM.

10. Defendant has regularly employed individuals in the state of Pennsylvania, including Plaintiff, in the performance of work on behalf of Defendant and is, therefore, subject to the provisions of the PMWA and the WPCL.

## Statement of Claims

11. Plaintiff was a groomer.

12. She worked in the grooming salon at Defendant's Gibsonia, PA, store.

13. There were approximately 4 other groomers at the Gibsonia, PA, store at any one time, and another 15 groomers who have worked at the Gibsonia, PA, store over the past 3 years.

14. There have been approximately 75 or more groomers at the nine Petco stores (hereinafter referred to as "9 Regional Stores")(Butler, North Hills, Washington, Fox Chapel, Bethel Park, Waterfront (Homestead), Robinson, Cranberry and Gibsonia) in the Western PA region since February 2015.

15. Plaintiff was a W-2 employee.

16. Plaintiff was an employee within the meaning of the FLSA and PMWA.

17. Plaintiff reported to the Gibsonia, PA, store.

18. Plaintiff's primary duty was to perform as a groomer.

19. Plaintiff typically was scheduled to work 5 shifts each week.

20. Each shift was normally 8 ½ hours.

21. Plaintiff was paid an hourly wage ($15/hour), plus commissions once she exceeded a certain level of services (e.g., $900) per week.

22. Plaintiff was non-exempt within the meaning of the FLSA and PMWA.

23. Plaintiff regularly worked more than 40 hours in workweeks.

24. Plaintiff was entitled to payment of overtime at one-and-one-half times her regular rate of pay for the hours worked in excess of forty hours in workweeks.

25. Plaintiff clocked in and clocked out each day by entering when she started to work, when – if at all - she took a lunch break, and when she stopped working at the end of the day.

26.    Defendant, a sophisticated employer with knowledge of its obligations under the FLSA and the PMWA, understood it was required to maintain accurate records of time worked by Plaintiff and the other groomers.

27.    Notwithstanding this knowledge (par. 26) Defendant knowingly and intentionally falsified the time records of Plaintiff and the other groomers.

28.    Specifically, as a matter of custom and practice Defendant regularly altered the time records of Plaintiff and the other groomers at the 9 Regional Stores by deleting hours recorded in order to reduce the recorded hours and, in turn, reduce pay (straight time and overtime) owed.

29.    The most common way Defendant would do this (alter the time records) would be to simply deduct 2 ½ hours each week for lunch.

30.    Management would subtract the time for lunch breaks from Plaintiff's and the other groomers' time records (even if lunch breaks were not taken) to bring hours below 40 hours.

31.    By altering the time records Defendant regularly eliminated the records of overtime hours worked in many workweeks and, in turn, avoided paying overtime pay otherwise due to Plaintiff and the other groomers.

32.    This was the policy in the Gibsonia, PA, store.  It was also, as noted above and below, the policy in the other 9 Regional Stores.

33.    By altering the time records Defendant also necessarily denied Plaintiff and the other groomers the straight time pay promised.

34.    Defendant, as a sophisticated employer with knowledge of its obligations under the FLSA, understood it was prohibited from requiring or suffering to permit Plaintiff and the other groomers from working "off-the-clock."

35.    Nevertheless, Plaintiff was told to clock out for lunch breaks even though she did not normally take lunch breaks, and to clock out and continue to work if her hours were close to or about to exceed 40 hours in a workweek.

36.    Similarly, the other groomers at the 9 Regional Stores were told the same thing: clock out for breaks regardless of whether the breaks were actually taken, and clock out and continue to work if they were close to or about to exceed 40 hours in a workweek.

37.    As a matter of policy and practice Defendant has falsified the time records by reducing the hours ostensibly worked by Plaintiff and the other groomers at the 9 Regional Stores and, in turn, failed to pay wages (straight and overtime) due.

38.    Plaintiff regularly complained about these practices (falsifying time records, requiring off the clock work, failing to pay for all hours worked) for herself and the other groomers.

39.    Beginning in or about February 2017 and afterwards, Plaintiff complained about these practices (falsifying time records, requiring off the clock work, failing to pay for all hours worked), especially concerning lunch breaks.

40.    Plaintiff complained about these practices not only with respect to herself but the other groomers as well.

41.    On one occasion, in response to Plaintiff's complaints, the Store Leader (Store Manager) stated "that's what they all do" (referring to putting lunch breaks in the time records regardless of whether breaks were actually taken).

42.    Plaintiff understood the Store Leader to mean that was the practice (falsifying time records, requiring off the clock work, failing to pay for all hours worked) at other Petco stores as well.

43.    On or about October 19, 2017, Plaintiff was terminated.

44.     She was told it was because she had failed to "check all the blocks" in a grooming checklist.

45.     The reason given for the termination was false.

46.     Even assuming Plaintiff had failed to "check all the blocks" the alleged infraction did not rise to the level sufficient to be terminated.

47.     Many other groomers at the 9 Regional Stores have failed to "check all the blocks" and have not been terminated.

48.     The real reason for the termination was because of Plaintiff's regular complaints about her and the other groomers having their time records falsified, being required to work off-the-clock and being denied the promised straight time and overtime wages.

49.     Defendant's practices of failing to maintain accurate records of time worked by Plaintiff and the other groomers, falsifying Plaintiff's and the other groomers' time records, requiring Plaintiff and the other groomers to work off-the-clock and failing to pay overtime wages due in overtime workweeks were a violation of the FLSA and PMWA.

50.     Defendant knowingly and intentionally violated the FLSA's explicit requirement at 29 U.S.C. §211(c) that it maintain accurate records of time worked, and at 29 U.S.C. §207(a) that it pay for overtime worked.

51.     Defendant also knowingly and intentionally violated the FLSA's explicit prohibition against retaliation at 29 U.S.C. §215(a) with respect to Plaintiff.

52.     Defendant also violated PA common law and the Pennsylvania Wage Payment and Collection Law (WPCL) by breaching its contractual duty to pay Plaintiff and the other groomers their promised wages.

53.     Despite its contractual obligation to compensate Plaintiff and the other groomers for work

performed during non-overtime hours, Defendant breached those contractual obligations when it withheld Plaintiff and the other groomers' wages by subtracting lunch breaks from the hours worked and requiring the groomers to work off the clock.

54.     Defendant did not have any good-faith basis on which to withhold the wages.

55.     As a result of Defendant's breaches, Plaintiff and the other groomers have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages.

56.     Defendant's violations of the FLSA, PMWA and WPCL have been knowing, willful and in reckless disregard of the FLSA, PMWA and WPCL.

## Collective/Class Action Averments

57.     There are at least 75 other groomers who have been employed by Defendant since February 2015 (three years prior to the filing of this Complaint) in the 9 Regional Stores.

58.     This Region includes at least 9 stores: Butler; North Hills; Washington; Fox Chapel; Bethel Park; Waterfront (Homestead); Robinson; Cranberry; and, Gibsonia.

59.     The other groomers have performed the same primary duties as Plaintiff.

60.     The other groomers have been W-2 employees.

61.     The other groomers are, like Plaintiff, paid an hourly wage (typically $12 to $15 per hour), plus commissions after a certain level of services each week (e.g., $900 per week).

62.     The other groomers have been employees within the meaning of the FLSA and PMWA.

63.     The other groomers are non-exempt within the meaning of the FLSA and PMWA.

64.     The other groomers regularly work more than 40 hours in workweeks.

65.    These groomers report through a common chain-of-command to a single district/regional manager.

66.    As with Plaintiff, Defendant fails to maintain accurate records of time worked for the groomers.

67.    In fact, as with Plaintiff, Defendant has a policy of falsifying time records (deleting time from the records submitted by the groomers) in order to avoid paying overtime and straight time wages.

68.    Defendant also has a policy of instructing the groomers, as with Plaintiff, to work off-the-clock in order to avoid having to pay overtime.

69.    The groomers employed by Defendant in the 9 Regional Stores over the past three years have been subject to the same pay policies as Plaintiff (see Par. 15, 16, 19-25, 28-30, 33, above.)

70.    The groomers employed by Defendant in the 9 Regional Stores over the past three years have regularly worked overtime.

71.    Defendant has knowingly and intentionally failed to pay the groomers in the 9 Regional Stores for their overtime hours either at the straight rate or proper overtime rate.

72.    The groomers, like Plaintiff, have been non-exempt within the meaning of the FLSA.

73.    The groomers, like Plaintiff, have been non-exempt within the meaning of the PMWA.

74.    Defendant's failure to pay overtime due to the groomers employed by Defendant over the past three years at the 9 Regional Stores, and its failure to maintain accurate records of time worked,  has been in violation of the FLSA and the PMWA.

75.    Defendant has knowingly and intentionally violated the FLSA and PMWA with respect to the failure to pay overtime and failure to maintain accurate time records at the 9

Regional Stores.

## COUNT I:  VIOLATION OF THE FLSA
### Individual and Collective Action (9 Regional Stores)

76.     Plaintiff incorporates by reference the preceding paragraphs of this complaint.

77.     Plaintiff and all other similarly situated groomers are employees of Defendant within the meaning of the FLSA.

78.     Defendant is an employer within the meaning of the FLSA.

79.     Plaintiff and all other similarly situated groomers have been paid an hourly rate.

80.     Plaintiff and all other similarly situated groomers have regularly worked more than forty hours per week (overtime work).

81.     Defendant has not paid overtime compensation to Plaintiff and all other similarly situated groomers for all hours of overtime.

82.     Defendant has not paid overtime compensation to Plaintiff and all other similarly situated groomers at the proper overtime rate.

83.     Defendant has failed to maintain accurate records of time worked for Plaintiff and all other similarly situated groomers.

84.     Plaintiff and the other similarly situated groomers have been non-exempt within the meaning of the FLSA.

85.     Defendant's failure to pay overtime at the proper rate to the groomers has violated and continues to violate the FLSA.

86.     For at least the past three years, Defendant's violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's overtime requirements.

87.     Plaintiff and all other similarly situated groomers are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

88.     Plaintiff and all other similarly situated groomers are also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

## COUNT II:  VIOLATION OF THE PMWA
### Individual and Class Action (9 Regional Stores)

89.     Plaintiff incorporates by reference the preceding paragraphs of this complaint.

90.     Plaintiff and all other similarly situated groomers in Pennsylvania are employees of Defendant within the meaning of the PMWA.

91.     Defendant is an employer within the meaning of the PMWA.

92.     Plaintiff and all other similarly situated groomers have been paid an hourly rate.

93.     Plaintiff and all other similarly situated groomers have regularly worked more than forty hours per week.

94.     Defendant has not paid overtime compensation to Plaintiff and all other similarly situated groomers for all hours of overtime.

95.     Defendant has not paid overtime compensation to Plaintiff and all other similarly situated groomers at the proper overtime rate.

96.    Defendant has failed to pay Plaintiff and all other similarly situated groomers for hours worked in overtime weeks at the promised rate.

97.    Plaintiff and all other similarly situated groomers are non-exempt within the meaning of the PMWA.

98.    Defendant's failure to pay overtime to Plaintiff and similarly situated groomers employed in Pennsylvania violates the PMWA.

99.    Defendant's failure to maintain accurate records of time worked for Plaintiff and similarly situated groomers employed in Pennsylvania (the 9 Regional Stores) violates the PMWA.

100.   Plaintiff and similarly situated groomers employed in Pennsylvania (the 9 Regional Stores) are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

## COUNT III:  VIOLATION OF THE FLSA (Retaliation)
## Individual

101.   Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

102.   Plaintiff is an employee of Defendant within the meaning of the FLSA.

103.   Defendant is an employer within the meaning of the FLSA.

104.   Plaintiff engaged in a protected activity (complained about the falsification of time records and failure to pay overtime).

105.   Plaintiff suffered an adverse action following the protected acts (termination).

106.   There is a causal connection between the protected acts and the adverse employment

action.

107.    There is no bona fide business reason for the adverse action.

108.    Defendant's retaliation against Plaintiff is in violation of the FLSA.

109.    Defendant's violation of the FLSA is knowing, willful, and in reckless disregard of the FLSA.

110.    Plaintiff is entitled to recover from Defendant the value of the lost wages, benefits,  pre-judgment and post-judgment interest, compensatory damages, attorneys' fees, and costs.

111.    Plaintiff is also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

## COUNT IV:  BREACH OF CONTRACT
## Individual and Class Action (9 Regional Stores)

112.    Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

113.    When Defendant hired Plaintiff and the other groomers at the 9 Regional Stores Defendant made definite, clear promises to pay a certain hourly rate for hours worked.

114.    Those promises created enforceable contractual obligations.

115.    Plaintiff and the other groomers provided consideration for those promises by promising to deliver and actually delivering valuable services to Defendant.

116.    Despite its contractual obligation to compensate Plaintiff and the other groomers for work performed, Defendant breached those contractual obligations when it falsified time records and, in turn, withheld Plaintiff's and the other groomers' pay.

117.   The amount owed to Plaintiff and the other groomers represents wages.

118.   Defendant did not have any good-faith basis on which to withhold the wages.

119.   As a result of Defendant's breaches, Plaintiff and the other groomers have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages.

120.   Plaintiff and the other groomers are entitled to damages commensurate with the unpaid wages, plus interest, plus compensatory damages resulting from the breach.

<u>**COUNT V:  VIOLATION OF THE WPCL**</u>
<u>**Individual and Class Action (9 Regional Stores)**</u>

121.   Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

122.   Defendant's contractual obligation to pay Plaintiff and the other groomers for hours worked each hour at an agreed upon amount created obligations under the WPCL, 43 P.S. § 260.1 *et seq*.

123.   The compensation Defendant failed to pay to Plaintiff and the other groomers for hours worked constitutes wages within the meaning of the WPCL.

124.   Defendant violated the WPCL by failing to pay the promised wages for work Plaintiff performed and the other groomers performed.

125.   Defendant did not have any good-faith basis for withholding the promised wages.

126.   Plaintiff and the other groomers are entitled to unpaid wages as well as statutory penalties (25% of unpaid wages), pre-judgment and post-judgment interest, attorneys' fees, and

costs.

## **PRAYER FOR RELIEF**

127.   WHEREFORE, Plaintiff and all others similarly situated respectfully request that this
Court:

    A.  Order Defendant to pay the unpaid overtime compensation owed to Plaintiff and
all other similarly situated groomers (9 Regional Stores);

    B.  Order Defendant to pay liquidated damages to Plaintiff and all other similarly
situated groomers (9 Regional Stores);

    C.  Order Defendant to pay Plaintiff and the similarly situated groomers (9 Regional
Stores) for unpaid non-overtime wages;

    D.  Order Defendant to pay pre- and post-judgment interest as well as the litigation
costs and reasonable attorneys' fees incurred by Plaintiff and all other similarly
situated groomers (9 Regional Stores); and

    E.  Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

  s/Joseph H. Chivers
Joseph H. Chivers, Esq.
PA ID No. 39184
First & Market Building
Suite 650
100 First Avenue
Pittsburgh, PA  15222
jchivers@employmentrightsgroup.com
Tel: (412) 227-0763
Fax: (412) 774-1994

*Counsel for Plaintiff*
*and all others similarly situated*

Dated: February 27, 2018